No. 8127.

STATE EX REL. ADRIEN BONNET VS. SAMUEL MATHEWS, JUDGE *ad hoc.*

This is a suit for $154, brought in the late Parish Court of the Parish of Iberville; judgment was rendered for said amount and an Appeal taken to the late Fifth Judicial District Court; after the adoption of the Constitution of 1879, the case was transferred to the 23rd Judicial District Court for the Parish of Iberville, organized under said Constitution.

Relator asks that the 23rd Judicial District Court, being without appellate jurisdiction in the matter, be ordered to dismiss the Appeal and issue execution on the judgment.

*Held* that, under a proper interpretation and understanding of the provisions of the Constitution of 1879, the case is to be tried *de novo* by the 23rd Judicial District Court.

APPLICATION for Writs of Mandamus and Prohibition.

*Barrow & Pope* for the Relator.

*Chas. O. Lauve, Alex. Hébert* and *A. Talbot* for the Respondent.

The opinion of the Court was delivered by

FENNER, J. Relator avers, that in 1878 he brought suit in the late Parish Court of the parish of Iberville against one Blanchet, claiming the sum of $154 90, for which amount he recovered judgment in said court; that from said judgment the said defendant, Blanchet, took a suspensive appeal, which was returnable to, and filed in, the late Fifth Judicial District Court for the parish of Iberville, and was pending in said court at the time of the adoption of the Constitution of 1879; that

after the organization of the courts provided by said constitution the said appeal was transferred to and filed in the 23d Judicial District Court for the parish of Iberville. ·Relator further alleges that he applied to said court to dismiss the appeal and to issue execution upon the original judgment on the grounds, substantially, that under the Constitution the said District Court had no appellate jurisdiction except over appeals from justices of the peace involving amounts not exceeding one hundred dollars; and that, therefore, the appeal must be dismissed and the original judgment executed.

The application was tried before the present defendant as judge ad hoc, in place of the District Judge, recused, who refused the motion to dismiss, and decided that the court had jurisdiction to entertain and determine the cause.

Thereupon, the relator makes the present application for writs of prohibition and mandamus, forbidding the said judge ad hoc from proceeding in the trial of said cause, and commanding him to dismiss the appeal and to issue execution upon the judgment.

The respondent bases his action upon his interpretation of the Constitution and upon the 3rd section of Act No. 29 of 1880, which expressly directs that causes of the character of the one under consideration shall "be transferred to and removed for trial and determination into the District Courts under the Constitution of 1879," which provision he contends is in conformity with the requirements of the Constitution.

Relator, on the other hand, contends substantially:

1st. That the cause is one pending on appeal, and can be determined only in the exercise of appellate jurisdiction.

2d. That article 111 of the Constitution of 1879 limits the appellate jurisdiction of the District Courts to appeals from justices of the peace not involving more than one hundred dollars.

3d. That the Legislature has no power to enlarge the appellate jurisdiction of the District Court or to enable it to try and determine any appeals other than those provided in the foregoing Art. 111.

4th. That Art. 261 of the Constitution of 1879 did not transfer this appeal to the 23d Judicial District Court, because that Court is not a court "having jurisdiction thereof under this Constitution."

If we were to admit all the foregoing propositions, including especially the last, the result would be far different from that which the relator seems, from the relief asked, to anticipate.

The result would be that his judgment, found by the Constitution of 1879 in a state of suspended execution, would be held immovably and indefinitely in the same state, by reason of the absence of any tribunal competent either to determine or to dismiss the appeal, or to alter, in any manner, the status quo of his cause.

We have examined, and, indeed, fully admit the authority of, the case of Myers vs. Mitchell, 20th An. 533, wherein the Supreme Court organized under the Constitution of 1868, accepted the transfer of appeals pending in the former Supreme Court and involving amounts under five hundred dollars, and then dismissed them on the ground that it had not jurisdiction. That action, however, was expressly based upon Art. 151 of the Constitution of 1868, declaring: "The General Assembly shall provide for the removal of causes now pending in the courts of this State to courts created by or under this Constitution." In obedience to this requirement, the General Assembly had transferred *all* the causes pending in the former Supreme Court to the then Supreme Court. The latter Court said : "The causes have been transferred, the records are on file in this Court. It is, indeed, urged that, if this Court has no jurisdiction by reason of the insufficiency of the amount in dispute, it can make no order in the case, and, therefore, cannot make an order dismissing the appeal. A Court can always say it has no jurisdiction of a case. In this respect, we can perceive no difference between a case transferred to us *by an act of the Legislature in compliance with the Constitutional command,* and a case brought to us by an appellant since the organization of this Court."

It is clear the Court based its right to make any order in the case upon the ground that the case had been transferred to it by a constitutional act of the Legislature.

The Constitution of 1879 contains no provision analogous to Art. 151 of the Constitution of 1868. On the contrary, the present Constitution leaves nothing to legislative discretion on this subject; but distinctly and affirmatively provides for the transfer of all pending causes and the courts to which they shall be transferred.

Article 261, after regulating the disposition of causes pending in the Supreme Court, declares: "All causes that may be pending in all other courts, under the Constitution of 1868, * * shall be transferred to the courts respectively having jurisdiction thereof under this Constitution. This disposition is exhaustive and exclusive of any different transfer of any cause whatever. The Legislature clearly has no power to transfer any cause to a court not "having jurisdiction thereof under this Constitution."

This dilemma then presents itself : The cause is either transferred to the 23d Judicial District Court, or it is not. If it is not transferred, it is not in that court, and the court can make no order whatever in relation thereto. If it is transferred, it can only be because the 23d District Court is a court "having jurisdiction thereof under this Constitution."

The absurd and anomalous consequences resulting from the adop-

tion of the first branch of this dilemma, we have already indicated. If the 23d Judicial District Court has not jurisdiction of this case, certainly no other court, under the present Constitution, has such jurisdiction; and in this, as well as in all other cases similarly situated, both the prosecution of the appeals and the execution of the judgments appealed from would remain in a state of permanent suspension.

It is impossible to suppose that the framers of the Constitution could have contemplated such absurdity, injustice and destruction of private rights.

We have already, in several cases, pointed out and defined the sound rules of interpretation by which we are guided in avoiding constructions of constitutional provisions repugnant to common sense and leading to such consequences. 32 A.

We find no difficulty in applying these principles in the present instance, because the clause of Art. 261 of the Constitution under consideration absolutely requires construction in order to avoid a violation of its requirements.

The clause embodies two commands:

First.   That " *all* causes that may be pending in *all* courts under the Constitution of 1868, *shall* be transferred " to the courts under this Constitution.

Second.   That they shall be so transferred " to the courts having jurisdiction thereof under this Constitution." If we should discover a cause pending in a court under the Constitution of 1868, of which no court under the present Constitution has jurisdiction, we should be driven to the alternative of violating one or the other of the foregoing commands, unless we resorted to construction for the purpose of ascertaining the intention of the instrument and thus reconciling apparent inconsistencies.

Inasmuch as the command that *all* causes pending in *all* courts under the Constitution *shall* be transferred, is too clear, positive and rational to admit of interpretation, we are compelled to resort to a construction of the other clause directing the transfer to " courts having jurisdiction thereof under this Constitution." The jurisdiction of a court is usually determined by two circumstances, viz: 1st the nature of the proceeding, as, original or appellate; 2d, the nature or amount of the controversy.   There is no court, under the Constitution of 1879, that has *appellate* jurisdiction over a cause involving $154 90.   There is no court under that Constitution that has jurisdiction of any kind over a controversy involving that sum, except the District Courts.   If, as in the case of State *ex rel.* Cobb & Gunby vs. Judges, 32 A., we could find a court having both appellate jurisdiction and 'jurisdiction over the amount in controversy, we should treat the case as transferred to that

court; but as no court has the appellate jurisdiction, and as the 23d Judicial District Court is the only court that has jurisdiction of the amount in controversy, we must *ex necessitate*, consider that the Constitution intended that the case should be transferred to the latter court and to vest it with jurisdiction over it.

We feel less hesitation in adopting this conclusion when we consider that the proceeding, though, in a certain sense, appellate, cannot practically be differentiated from an original proceeding. The case is, in any event, to be tried *de novo* in the District Court, and as the latter court has succeeded to the original jurisdiction of the parish court in such case, it must itself execute any judgment which it may render. We make no doubt that these circumstances diverted the attention of the Convention from the necessity of making more particular provision for this class of cases, and led to the obscurity which we have found it necessary thus to clear away.

These views find support and confirmation from their conformity with the legislative construction of the Constitution as exhibited in the 3d section of the Act No. 29 of 1880, which we regard as merely declaratory and executory of the Constitution and in full harmony therewith.

The application for both the writs of prohibition and mandamus is, therefore, dismissed at relator's cost.

Levy, J., absent.